**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY CHARLES BROWN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | **NO. 08-cv-1284** |

**MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the ___only___ possible means of obtaining this type of relief from state custody. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2254 for a petitioner who raises a ___constitutional___[2]

---

[1]For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.

[2]Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

1

attack on the imposition, ***and/or*** the execution,[3] of a state conviction and/or a state sentence, which may only be filed after the state conviction has been imposed.[4]

By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of limitations***, created by 28 U.S.C. §2244(d).   Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called ***"second or successive rule"***, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a §2254 habeas if that litigant had at least one previous §2254 habeas that was "dismissed after adjudication of the merits of the claims presented;"[5] this second or successive rule is not an issue in the present civil action, which is petitioner's first attack on his Luzerne County, Pennsylvania, conviction and/or sentence.

On March 14, 2008, petitioner filed a petition in this court seeking his release from state custodial status based on the claim that he was deprived of his procedural due process rights.  This is clearly a claim that his rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution have been violated by the state court that convicted and sentenced him, for which relief is provided to prisoners by AEDPA; however, petitioner bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b).

For the following reasons, this attempt to invoke Rule 60(b) to obtain release from custody with an argument based upon the United States Constitution must fail, as

---

[3]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[4]Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[5]Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

2

any attempt to challenge the merits of a state court conviction and/or sentence with claims based on the United States Constitution may only be pursued by a prisoner by means of a habeas corpus motion filed pursuant to AEDPA.  Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The express language of AEDPA itself is strong evidence of Congressional intent that AEDPA, and **_only_** AEDPA, is available for relief from incarceration for prisoners who make an argument for release from custody based on either the United States Constitution a federal law, or a treaty entered into by the United States, and that "Rule 60(b) applies ... only to the extent that it is not inconsistent with (AEDPA)."  Gonzalez v. Crosby, 545 U.S. 524 (2005).  Accord, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000).  As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice."  United States v. Baptiste, 223 F.3d 188 at 190. Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

Accordingly, this                                    day of March, 2008, it is hereby

**ORDERED** that petitioner's application for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**, and, it is further

**ORDERED** that the Clerk of this Court shall mark this matter as **CLOSED** for all purposes, including statistics.


                    _S/ ANITA B. BRODY_____
                    **ANITA B. BRODY, U.S. District Judge**


3